IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CULINA, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:12-484 |
| | ) | Judge Fischer |
| CONNELLSVILLE TOWNSHIP and DONNIE | ) | Magistrate Judge Mitchell |
| HANN, | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the motion to dismiss filed on behalf of the

Defendants (ECF No. 4) be granted.

II.    Report

Plaintiff, William Culina, brings this action against Defendants, Connellsville Township

and Donnie Hann.  As discussed below, the complaint fails to clearly indicate a cognizable cause

of action, it attempts to invoke criminal statutes although there is no private cause of action for

Plaintiff to bring such claims, and even assuming that he intends to allege civil rights claims

pursuant to 42 U.S.C. § 1983, they would be barred by the running of the two-year statute of

limitations.

Currently pending for disposition is a motion to dismiss filed by Defendants.  For the

reasons that follow, the motion should be granted.

Facts

Plaintiff appears to be complaining about issues involving his property, possibly referring

to a condemnation that occurred in 2005.  He alleges that, in September 1993, former Township

Supervisor Bob Carson removed fences on his lot to break open a right-of-way and to get

Township equipment across his property. (Compl. ¶ 3.) He also alleges that "Donnie Hann in 2005 at the Shop & Save told me that he was going to take the [Township] equipment on the rightway and then and illegally filed condemnation of my property after the fact they [were] given notification that they [were] trespassing by [Attorney] Kenneth E. Kohl, Jr. in May of 1993." (Compl. ¶ 4.) He refers to "years of harassment" against him by "other parties" since May of 1993; cites an incident on October 10, 1993 in which the "nut on [his] steering [assembly?] was removed the night before my steering [assembly?] fell off to ground" and "J.T. Sibal refused to investigate attempted homicide"; and alleges that "J.T. Sibal told me at the Uniontown barracks he does not intend follow up on this investigation." (Compl. at 2.) He alleges that he replied that a Township offer of $90 was unacceptable on September 3, 2005.

On the last page of his complaint, Plaintiff asserts that:

There was no reason to [condemn] my property because there's only one family that lives half way down the rightway and owns Lot No. (6) and one person near the creek. In a trailer people who go down rightway drink take drugs or dump trash and some go fishing and then a lot bad people go there also.

The relief that [I] am seeking from the Court [is] that that be a full investigation that took place and that all parties be accountable for actions against me that illegal legal practice was done from day one.

Also there should be injunction to keep off my property.

The relief threats and living in fear what going to happen to me the next day took a toll on me so for all these years and pain and suffering and damages asking [$]250,000 to compensate losses and mental distress.

(Compl. at 3.)

Attached to the complaint are the following documents: 1) letters dated May 20, 1993 and July 20, 1993 in which Attorney Kenneth Kohl informed the Board of Supervisors that the Township had effectively taken Plaintiff's property to use as an ingress and egress road without compensating him for the fair market value of the property (which he indicated was $10,000

based on a May 14, 1993 appraisal by real estate broker Sam Kinkus); 2) a letter dated August 21, 1998 in which "paralegal advocate" Michael Bonn notified the Board of Supervisors that a statement made by Township Solicitor Gretchen Mundorff that she was unaware of Plaintiff's problem prior to a meeting held on August 13, 1998 was false because she had been notified of his problem as early as May 20, 1993; 3) a Notice of Declaration of Taking, dated May 6, 2005, indicating that the Township of Connellsville was condemning lands owned by Plaintiff and his wife for roadway purposes with supporting documentation; 4) several photographs, presumably of the roadway in question; 5) a survey map of the lot; 6) a Notice of Proposed Termination of Court Case, dated February 6, 2012, in which the prothonotary of Fayette County informed Plaintiff that the condemnation case would be dismissed because the docket showed no activity for at least two years; 7) Plaintiff's Statement of Intention to Proceed, dated February 20, 2012; and 8) a document addressed to President Judge Capuzzi dated June 12, 2005 in which Plaintiff complained of an improper condemnation and trespass. In addition, Plaintiff has attached a Request for Suspension of Driving Privileges for Failure to Respond to Citation issued against Mathew Simon on April 5, 1993 on which Plaintiff has written "State Police coverup incident Twp. Supervisors involved."

Procedural History

Plaintiff filed this action on April 13, 2012 (ECF No. 1). On June 1, 2012, Defendants filed a motion to dismiss (ECF No. 4). On June 20, 2012, Plaintiff filed a document titled "Brief in Support of Motion to Dismiss" which contained a proposed order that would have dismissed his case. On June 21, 2012, Chambers contacted Plaintiff by telephone and he clarified that he did not agree to have his case dismissed but instead meant that he wanted the Court to dismiss the Defendants' motion. In addition, on June 25, 2012, he filed a document that has been

deemed a motion for the undersigned to recuse from the case on the ground that a magistrate

judge may not adjudicate criminal cases (other than petty offenses). Although this statement is

only partially true, it is also a matter of law that private individuals may not invoke federal

criminal statutes. Thus, by separate order filed this date, the Court will deny Plaintiff's motion

for the undersigned to recuse.

Standard of Review

The Supreme Court recently issued two decisions that pertain to the standard of review

for a motion to dismiss for failure to state a claim upon which relief could be granted under

Federal Rule of Civil Procedure 12(b)(6). The Court held that a complaint must include factual

allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]ithout

some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she

provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips v.

County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has

met this standard, a court must reject legal conclusions unsupported by factual allegations,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual

enhancement.'" Iqbal, 556 U.S. at 678 (citations omitted). A mere "possibility" of misconduct

is insufficient. Id. at 679. District courts are required to engage in a two part inquiry:

> First, the factual and legal elements of a claim should be separated. The District
> Court must accept all of the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions…. Second, a District Court must then determine
> whether the facts alleged in the complaint are sufficient to show the plaintiff has a
> "plausible claim for relief." … In other words, a complaint must do more than
> allege the plaintiff's entitlement to relief. A complaint has to "show" such an
> entitlement with its facts.

4

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

"Although a district court may not consider matters extraneous to the pleadings, 'a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.'" U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)). "Courts ruling on Rule 12(b)(6) motions may take judicial notice of public records." Anspach ex rel. Anspach v. City of Phila., 503 F.3d 256, 273 n.11 (3d Cir. 2007). Thus, the documents Plaintiff has attached to the Complaint may be considered without converting the motion into one for summary judgment.

<u>Failure to State a Claim</u>

As an initial matter, the Court observes that Plaintiff has not stated a cognizable claim. Plaintiff cites 18 U.S.C. § 241, which provides that:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
>
> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—
>
> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 241. However, the Court of Appeals has held that individuals "do[] not have a private right of action to sue the defendants under 18 U.S.C. §§ 241 or 242." Watson v. Washington Twp. of Gloucester County Public Sch. Dist., 413 Fed. Appx. 466, 468 (3d Cir. Jan.

24, 2011).  See also Walsh v. Krantz, 386 Fed Appx. 334, 336 n.2 (3d Cir. July 12, 2010) (affirming without additional discussion district court's determination that claim under § 241 was implausible on its face), cert. denied, 131 S.Ct. 801 (2010); Cok v. Cosentino, 876 f.2d 1 (1st Cir. 1989) ("A private citizen has no authority to initiate a federal criminal prosecution"); Mamer v. Collie Club of Am., Inc., 229 F.3d 1164 (10th Cir. 2000) ("Private citizens cannot prosecute criminal actions."); American Postal Workers Union v. Independent Postal Sys. of Am., Inc., 481 F.3d 90, 93 (6th Cir. 1973) ("criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions.")

Plaintiff also cites another criminal statute:

> Whoever willfully destroys, defaces, changes, or removes to another place any section corner, quarter-section corner, or meander post, on any Government line of survey, or willfully cuts down any witness tree or any tree blazed to mark the line of a Government survey, or willfully defaces, changes, or removes any monument or bench mark of any Government survey, shall be fined under this title or imprisoned not more than six months, or both.

18 U.S.C. § 1858.  For the reasons indicated above, no private citizen can bring a claim for violation of this criminal statute.

Finally, Plaintiff cites a Pennsylvania criminal statute, 18 Pa. C.S. § 3503, which prohibits "criminal trespass."  However, even assuming that a private individual could bring a prosecution for violation of this statute in state court (which is highly unlikely), there is no basis for him to bring such a claim in federal court.  On this basis alone, the complaint would have to be dismissed for failure to state a claim upon which relief could be granted.

Defendants indicate that "the allegations of Plaintiff's Complaint could be construed to suggest claims pursuant to 42 U.S.C. § 1983 for deprivations of constitutional rights by Connellsville Township employees and officials acting under color of state law."  (ECF No. 5 at 6.)  Nevertheless, they move to dismiss any such claims as barred by the statute of limitations.

Statute of Limitations

The Court of Appeals has stated that:

> Technically, the Federal Rules of Civil Procedure require that affirmative
> defenses be pleaded in the answer. Rule 12(b) states that " [e]very defense ... shall
> be asserted in the responsive pleading thereto if one is required, except that the
> following defenses may at the option of the pleader be made by motion...." The
> defenses listed in Rule 12(b) do not include limitations defenses. Thus, a
> limitations defense must be raised in the answer, since Rule 12(b) does not permit
> it to be raised by motion. However, the law of this Circuit (the so-called "Third
> Circuit Rule") permits a limitations defense to be raised by a motion under Rule
> 12(b)(6), but only if "the time alleged in the statement of a claim shows that the
> cause of action has not been brought within the statute of limitations." Hanna v.
> U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975). "If the bar is
> not apparent on the face of the complaint, then it may not afford the basis for a
> dismissal of the complaint under Rule 12(b)(6)." Bethel v. Jendoco Constr. Corp.,
> 570 F.2d 1168, 1174 (3d Cir. 1978).

Robinson v. Johnson, 313 F.3d 128, 136 (3d Cir. 2002) (footnote omitted).  Defendants argue

that the complaint facially shows noncompliance with the limitations period.

Because Congress did not establish a statute of limitations for civil rights claims, federal

courts "borrow" state statutes of limitations governing analogous causes of action.  Wilson v.

Garcia, 471 U.S. 262, 276 (1985) (for claims brought under 42 U.S.C. § 1983).  Under

Pennsylvania law, the statute of limitations for personal injuries is two years, 42 Pa. C.S. § 5524,

and that statute is applied to § 1983 claims.  Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir.

2003).

The complaint was filed on April 13, 2012.  Thus, the events upon which it is based must

have occurred no earlier than April 13, 2010.  However, the complaint complains of a

condemnation that occurred in 2005, as well as earlier events dating back to 1993.  Thus, on its

face, the complaint shows that it was not timely filed.

Defendants argue further that Plaintiff should not be given leave to amend his complaint

as any claim arising out of the facts alleged would be barred by the statute of limitations and thus

any amendment would be futile.  This Court agrees.

In response to the motion to dismiss, Plaintiff essentially argues that Defendants did not respond to his complaint in a timely fashion.  He cites 28 U.S.C. § 1608, which concerns service "upon a foreign state or political subdivision of a foreign state" and has no bearing on this case.  (ECF No. 10 at 1.)  He then proceeds to complain about a "history of corruption" in Connellsville Township that is not connected to the allegations of his complaint.  (ECF No. 10 at 2.)  He complains that the condemnation was not effected properly under Pennsylvania law, which does not address the statute of limitations issue or his failure to state a cognizable claim.  (ECF No. 10 at 3.)  And he complains that his case is any way being managed by a magistrate judge ("I want  a district judge you as the Clerk of Court should know that.")  (ECF No. 10 at 4.)

None of these arguments are responsive to the motion to dismiss.  The complaint is untimely on its face and the motion to dismiss should be granted.

For these reasons, it is recommended that the motion to dismiss filed on behalf of the Defendants (ECF No. 4) be granted.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within the time specified in the Notice of Electronic Filing. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will waive the right of appeal.

Respectfully submitted,

s/Robert C. Mitchell_____
ROBERT C. MITCHELL
United States Magistrate Judge

Dated:  July 2, 2012

cc: William Culina
309 Demuth Road
Connellsville, PA 15425