IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CULINA, ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 2:12-484 |
| ) | Judge Fischer |
| CONNELLSVILLE TOWNSHIP and DONNIE ) | Magistrate Judge Mitchell |
| HANN, ) | |
|     Defendants. ) | |

ORDER

On June 25, 2012, Plaintiff William Culina filed a document without a title, but which this Court interprets as a motion for the undersigned to recuse himself from this case. Plaintiff contends that United States Magistrate Judges cannot adjudicate criminal trials, other than petty offenses. He is mostly correct about this statement. See 28 U.S.C. § 636(a) (magistrate judges may enter sentences for petty offenses, conduct trials over misdemeanor offenses and enter a sentence for a class A misdemeanor in a case in which the parties have consented).

However, this is not a criminal case. As explained in the Report and Recommendation filed this date, Plaintiff invokes 18 U.S.C. § 241, but the Court of Appeals has held that individuals "do[] not have a private right of action to sue the defendants under 18 U.S.C. §§ 241 or 242." Watson v. Washington Twp. of Gloucester County Public Sch. Dist., 413 Fed. Appx. 466, 468 (3d Cir. Jan. 24, 2011). See also Walsh v. Krantz, 386 Fed Appx. 334, 336 n.2 (3d Cir. July 12, 2010) (affirming without additional discussion district court's determination that claim under § 241 was implausible on its face), cert. denied, 131 S.Ct. 801 (2010); Cok v. Cosentino, 876 f.2d 1 (1st Cir. 1989) ("A private citizen has no authority to initiate a federal criminal prosecution"); Mamer v. Collie Club of Am., Inc., 229 F.3d 1164 (10th Cir. 2000) ("Private citizens cannot prosecute criminal actions."); American Postal Workers Union v. Independent

Postal Sys. of Am., Inc., 481 F.2d 90, 93 (6th Cir. 1973) ("criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions.")

Rather, this is a civil action, although Plaintiff has not stated a cognizable claim for relief and his claims are barred by the statute of limitations. In civil actions, magistrate judges may be designated by the Court to submit reports and recommendations to the Court on dispositive motions. 28 U.S.C. § 636(b)(1)(B). In this Court, since July 1, 2007, all non-prisoner civil actions have been assigned to a district judge or a magistrate judge by automated random selection and then the parties have been asked to indicate whether they consent to the jurisdiction of the magistrate judge or elect to have the case randomly assigned to a district judge. If any party elects to have the case assigned to a district judge, the magistrate judge shall continue to manage the case by deciding non-dispositive motions and submitting reports and recommendation on dispositive motions. LCvR 72(G).

This case was filed on April 13, 2012 and assigned to the undersigned by random selection. On June 20, 2012, Plaintiff submitted his district judge option and the case was assigned to Judge Fischer. However, the undersigned is still assigned to the case to resolve non-dispositive matters and to submit reports and recommendations on dispositive matters, such as the pending motion to dismiss filed by Defendants.

Disqualification is governed by 28 U.S.C. § 455, which indicates that a magistrate judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned, when he has a person bias or prejudice, where he has a financial interest in the subject matter in controversy and in other circumstances so described. None of the factors applies to this case.

AND NOW, THEREFORE, this 2nd day of July, 2012,

IT IS HEREBY ORDERED that Plaintiff's motion for recusal (Docket No. 11) is denied.

s/Robert C. Mitchell<br>
ROBERT C. MITCHELL<br>
United States Magistrate Judge

cc: William Culina
     309 Demuth Road
     Connellsville, PA 15425